AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA
v.
Tyrone Williams
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR05-38

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    clear and convincing evidence    a preponderance of the evidence: The court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community for the following reasons:

1. The evidence against defendant is strong confirming that he had in his possession a Glock model 23, .40 caliber semi-automatic handgun with 1 round in the chamber and 12 in the magazine.
2. Defendant's criminal history reveals a fascination with weapons, in particular guns.
3. Defendant has no verifiable employment and despite defendant's claims regarding ownership of two businesses, he has not verifiable assets.
4. Despite receiving anger management and inpatient drug treatment in March and July 2001, while on state probation, defendant tested positive for PCP in September 2003 and cocaine in December 2003.
5. Defendant admits to carrying guns in his neighborhood, but not using them – a self proclaimed watchdog in that he helps keep peace and maintain order in his neighborhood.
6. He has numerous weapons offenses beginning at age 18 including possession of a weapon on school property, carrying a firearm without a license (4 total offenses in PA between 1984 to 1991); possession of a narcotic substance for which his probation was revoked, breach of conditions of release in 2003 whereby defendant was found at the victim's residence 3 days after his release, possession of a destructive weapon in 2000 (possessed a sawed-off shot gun and 2 bags of marijuana) and pending a possession with intent to deliver crack and distribution within 300 feet of a park plus 9 other drug related charges (involved hand-to-hand drug sale and possession of 42 vials of crack). Defendant had had 34 warrants issued for his arrest, with 7 for failure to appear.

FILED
MAY 25 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

May 25, 2005
Date

*Signature of Judicial Officer*
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).